```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
```

ERICA CHERISE DAVENPORT,

    Plaintiff,                                  Case No. 2:16-cv-11333

v.                                          HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL SECURITY,    MAGISTRATE R. STEVEN WHALEN

    Defendant.
                                               /

**OPINION AND ORDER OVERRULING OBJECTIONS
[16], ADOPTING REPORT AND RECOMMENDATION [15],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12]**

The Commissioner of the Social Security Administration ("SSA") denied Erica Davenport's application for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). The SSA Appeals Council declined to review the ruling, and Davenport appealed. The Court referred the matter to the magistrate judge and the parties filed cross-motions for summary judgment. The magistrate judge issued a Report and Recommendation ("Report") suggesting the Court deny Davenport's motion and grant the Commissioner's motion. Davenport filed timely objections. Having examined the record and considered the objections de novo, the Court will overrule the objections, adopt the Report, deny Davenport's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

The Report properly details the events giving rise to Davenport's action. Report 2–12, ECF 15. The Court will adopt that portion of the Report.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not review portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept it as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507–08 (6th Cir. 2006). And an ALJ need not "make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

In her first objection, Davenport challenges the magistrate judge's summary of the

2

ALJ's credibility determination, and reasserts that a proper reading of *Mittlestadt v. CSS*, 2011 WL 2694594 (W.D. Wash. June 15, 2011) requires remand. ECF 16, PgID 639–41.

An ALJ may properly assess a claimant's credibility when considering her complaints. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). And because an ALJ's duty is to observe a witness's demeanor and credibility, any findings based on credibility are to be accorded great weight and deference. *Id.*

Here, the magistrate judge outlined the ALJ's assessment of Davenport's credibility. ECF 15, PgID 629–31. Although Davenport claimed there were barriers to complying with her medical treatment, the ALJ found that the noncompliance damaged her credibility. Additionally, "substantial, legitimate evidence" in the entire case record further diminished the credibility of Davenport's allegations: she self-medicated with marijuana despite warnings from her medical providers; she deliberately limited her work activity to remain eligible for disability benefits; she continued taking college courses until summer of 2013; and, among other things, she reportedly completed a wide range of daily activities. ECF No. 7-2, PgID 62–63; *see Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

Davenport's reliance on *Mittlestadt* is misplaced. In *Mittlestadt*, the court remanded the case because the ALJ misread the medical opinion of a treating mental health source. 2011 WL 2694594, at *7–9. That is not the case here. As the magistrate judge stated, Davenport's treating sources did not find that "her non-compliance with medical advice was due to mental illness," and even "encouraged her to obtain employment." ECF 15, PgID 631. The ALJ's overall credibility determination was supported by substantial record evidence, and deserves great deference.

Second, Davenport contends that the ALJ and magistrate judge "misconstrued

medical evidence and testimony" to reach an incorrect determination as to sixteen of Davenport's adverse medical conditions. ECF 16, PgID 642–44. Considering that evidence along with her own testimony, Davenport argues, it is clearly impossible for her to perform work. *Id.* at 644.

The Court, however, "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth*, 402 F.3d at 595 (quotation omitted). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Davenport essentially asks the Court to reweigh the record evidence in her favor on appeal after it has been considered by the ALJ. That would be improper. *See Haun v. Commissioner of Social Sec.*, 107 Fed. App'x 462, 465 (6th Cir. 2004) ("We may not reweigh conflicting evidence on appeal, but instead must affirm [the court's] decision because substantial evidence supports it."). The ALJ carefully considered all the medical evidence of record, gave specific reasons for the amount of weight she accorded each opinion, and ultimately made findings that were supported by substantial evidence. Thus, there is no basis to overturn her decision.

## CONCLUSION

The Court has reviewed the parties' motions, the Report, and Davenport's objections. The Court finds the objections unconvincing, and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Davenport's motion for summary judgment.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Davenport's Objections [16] are **OVERRULED**, and the magistrate judge's Report and Recommendation [15] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Davenport's Motion for Summary Judgment [11] is **DENIED**, and the Commissioner's Motion for Summary Judgment [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

<pre>
                              s/Stephen J. Murphy, III
                              STEPHEN J. MURPHY, III
                              United States District Judge
Dated: May 17, 2017
</pre>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 17, 2017, by electronic and/or ordinary mail.

<pre>
                              s/David P. Parker
                              Case Manager
</pre>